# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2014-SC-000303-MR

DATE 3-12-15 _____

JARED R. MCSTOOTS                                      APPELLANT

ON APPEAL FROM OHIO CIRCUIT COURT
V.             HONORABLE RONNIE C. DORTCH, JUDGE
NO. 13-CR-00096

COMMONWEALTH OF KENTUCKY                      APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Jared R. McStoots pled guilty to second-degree controlled substance endangerment to a child, manufacturing methamphetamine (first offense), fourth-degree controlled substance endangerment to a child, first-degree wanton endangerment, and second-degree criminal abuse in Ohio Circuit Court. Accordingly, McStoots was sentenced to twenty years' imprisonment. He now appeals as a matter of right, Ky. Const. § 110(2)(b), asserting that the trial court erred by denying his requests to withdraw his guilty plea and hold an evidentiary hearing on his ineffective assistance of counsel claim. For the following reasons, we affirm.

**I. BACKGROUND.**

McStoots poured drain cleaner into a Styrofoam cup and left it an area where it was accessible to his girlfriend's children, who were four and two years

old, respectively. The two-year-old child, Susie,[1] ingested the drain cleaner. Although McStoots and his girlfriend knew of the child's ingestion of the cleaner, they did not seek medical treatment for several hours. By the time McStoots and his girlfriend finally took Susie to the local emergency room, she was in critical condition and had to be flown to another hospital for treatment.

Hospital employees reported the incident to the Ohio County Sheriff's Department. The employees also opined that McStoots and his girlfriend appeared intoxicated from methamphetamine while at the hospital. As a result, law enforcement officers obtained a warrant to search McStoots's home. The search revealed numerous items used in the manufacture of methamphetamine.

Consequently, a grand jury indicted McStoots for the following eight offenses: second-degree controlled substance endangerment to a child, fourth-degree controlled substance endangerment to a child, first-degree wanton endangerment, manufacturing methamphetamine (first offense), unlawful possession of a methamphetamine precursor, first-degree possession of a controlled substance, possession of drug paraphernalia, and first-degree criminal abuse. The Commonwealth initially offered McStoots a plea bargain recommending a fifteen-year sentence and eighty-five percent parole eligibility. Upon advice of his public defender, McStoots rejected the offer. McStoots then accepted the Commonwealth's second offer, which increased the number of years of his sentence but decreased the percentage of his sentence he would

---

[1] "Susie" is an alias used to protect the minor child's identity.

have to serve before becoming eligible for parole. McStoots agreed to a total twenty-year sentence, with twelve years at eighty-five percent parole eligibility and eight years at twenty percent parole eligibility. As such, he pled guilty to five of the charges and the others were dismissed.

After entry of the plea but before sentencing, McStoots procured private counsel. His private counsel filed a motion to withdraw the plea, and he asked the trial court to schedule an evidentiary hearing on the motion. In the memorandum and affidavit accompanying the motion, McStoots asserted that the public defender had ineffectively advised and represented him regarding the guilty plea. Without conducting the requested evidentiary hearing, the trial court denied McStoots's motion. McStoots was then sentenced in accordance with the plea agreement. This appeal followed.

## II. ANALYSIS.

The sole issue that McStoots presents on appeal is whether the trial court erred in failing to conduct an evidentiary hearing as to whether McStoots's prior counsel had ineffectively assisted him. We hold that it did not.

McStoots moved to withdraw his plea prior to sentencing pursuant to RCr 8.10. Motions that fail adequately to specify grounds for relief may be summarily denied, as may motions asserting claims refuted or otherwise resolved by the record. *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). Motions adequately alleging valid claims not refuted by the record entitle the movant to an evidentiary hearing. *Id.* at 875. We review the trial

3

court's factual findings for clear error and its application of legal standards and precedents de novo. *Id.*

McStoots alleges that he asserted a valid ineffective assistance of counsel claim and, thus, was entitled to an evidentiary hearing by the trial court. However, after reviewing McStoots's motion to the trial court, we believe it failed to specify adequate grounds for relief and there was enough evidence in the record to refute it. So it was proper for the trial court summarily to deny the motion without an evidentiary hearing.

To be entitled to relief from a guilty plea on the ground of ineffective assistance of counsel, McStoots must show that counsel provided deficient assistance *and* that he was prejudiced as a result. *Stiger v. Commonwealth,* 381 S.W.3d 230, 235 (Ky. 2012) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland,* 466 U.S. 668 at 670. We hold that McStoots has failed, before both this Court and the trial court, to allege sufficient prejudice that could entitle him to relief. So we need not address whether his counsel's assistance was deficient.

To establish prejudice in the guilty plea context, the challenger must demonstrate a reasonable probability that—but for counsel's errors—he would not have pled guilty and would have insisted on going to trial. *Stiger,* 381 S.W.3d at 237. This Court has explained:

> [T]o obtain relief on an ineffective assistance claim a petitioner
> must convince the court that a decision to reject the plea bargain
> would have been rational under the circumstances. . . . [A]t the

4

> pleading stage it is movant's burden to allege specific facts which, if true, would demonstrate prejudice. A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.,* valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Id.* at 237 (internal citations omitted).

In the present case, McStoots has made only conclusory allegations about the prejudice he has suffered. He broadly asserts that his counsel failed to inform him of potential mental health defenses and possible suppression motions, but he fails to articulate specifically what these defenses or motions might have been and how they would have undermined the Commonwealth's case against him. For example, McStoots asserts that he had been awake for more than twenty-four hours by the time he was interviewed by police, which might have rendered his statements involuntary. However, neither party has asserted that McStoots made any incriminating statement during the interview upon which the Commonwealth intended to rely in McStoots's prosecution. So even if we assume that McStoots would seek to suppress a statement from the interview, he has not suggested how this would change the landscape of his case or increase the likelihood that he would reject a plea offer and go to trial. Additionally, McStoots broadly suggests that the five-year addition to his sentence in the second plea offer is evidence of prejudice. However, this assertion ignores the substantial favorable change in McStoots's parole eligibility in that plea offer.

5

In sum, the question is whether there was a reasonable probability that McStoots would have rejected the Commonwealth's offer and taken his chances at trial. *See id.* For the two controlled substance endangerment to a child and one manufacturing methamphetamine charges alone, McStoots was facing a potential maximum sentence of forty-five years. He was also facing prison time for five other charges, four of which were felonies. Moreover, the Commonwealth had substantial evidence against McStoots from Susie's hospital medical records, hospital employees' observations, and the resultant search of McStoots's home. We do not find any basis upon which that evidence could have been excluded. And, given the harm that a small child suffered, we cannot perceive how McStoots would rationally believe that a jury would be sympathetic to him at trial. As such, we can say with fair assurance that going to trial would not have been a rational decision.

## III. CONCLUSION.

Because it was clear from the record that McStoots could not meet his burden of showing prejudice from the public defender's alleged errors, the trial court did not err by denying his motion to set aside his guilty plea without an evidentiary hearing. So we affirm McStoots's convictions and sentence.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur.

6

COUNSEL FOR APPELLANT:

Steven Russell Dowell


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

James Coleman Shackelford
Assistant Attorney General